GEOFFREY A. HANSEN
Acting Federal Public Defender
Northern District of California
DEJAN M. GANTAR
Assistant Federal Public Defender
8th Floor, Suite 820
55 South Market Street
San Jose, CA 95113
Telephone:    (408) 291-7753
Facsimile:    (408) 291-7399
Email: Dejan_Gantar@fd.org

Counsel for Defendant
MAGALLON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JASON MAGALLON,<br><br>Defendant. | Case No. CR 21–78 EJD<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>**Court:** Courtroom 4, 5th Floor<br>**Hearing Date:** December 2, 2021<br>**Hearing Time:** 1:30 p.m. |

**INTRODUCTION**

Defendant Jason Magallon, by and through counsel, respectfully submits the following Sentencing Memorandum. Mr. Magallon comes before the Court having pled guilty, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). In accordance with the parties' plea agreement, Probation calculates an advisory sentencing range of 15-21 months, and recommends a downward variance to twelve months and one day. Presentence Report ("PSR") ¶ 62, Probation Sentencing Recommendation at 1. Pursuant to the plea agreement, the Government and Mr. Magallon agree with Probation's Guidelines calculation and sentencing recommendation, and Mr. Magallon respectfully requests the Court impose a sentence of twelve months and one day. The jointly recommended sentence is "sufficient, but not greater than necessary" to account for Mr. Magallon's circumstances, and his conduct and role in this case. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).

**ARGUMENT**

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Pepper v. United States*, 562 U.S. 476, 487-88 (2011). "Underlying this tradition is the principle that the punishment should fit the offender and not merely the crime." *Id.* The Court is thus charged under 18 U.S.C. § 3553(a) to "impose a sentence sufficient, *but not greater than necessary*, to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." *Kimbrough*, 552 U.S. at 101 (quotation marks omitted; emphasis added).

Probation calculates Mr. Magallon's Guidelines as follows: a base offense level of 14 under USSG § 2K2.1(a)(6), and a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), for a total offense level of 12. PSR ¶¶ 20-28. Probation places Mr. Magallon in Criminal History Category III, resulting in an advisory range of 15-21 months. *Id.* ¶ 37, 62. Pursuant to the plea

1   agreement, Mr. Magallon agrees with Probation's Guidelines computation, and its position that 18

2   U.S.C. § 3553 warrants a modest downward variance to twelve months and one day.

3        18 U.S.C. § 3553(a)(1) directs the Court to evaluate the "history and characteristics of the

4   defendant." Mr. Magallon's are mitigating. As set forth in the PSR, Mr. Magallon's upbringing was

5   challenging—he struggled with undiagnosed mental health issues, and his difficult childhood was

6   compounded by a general lack of guidance and his father's persistent alcoholism and abuse. As Mr.

7   Magallon explained during the presentence investigation, throughout his childhood, his father regularly

8   fought with everyone in the family, and there was never an "ability to [] relax*." Id.* ¶ 44. His father

9   would physically abuse him and his siblings, including hitting them with closed fists, and was "drunk

10  most of the time." *Id.* His mother left his abusive father when Mr. Magallon was a teenager, and things

11  slightly improved thereafter—he moved in with his mother and her boyfriend, Conrad Vallardes, who

12  became a "father figure to him." *Id.* ¶ 46. Mr. Magallon's mental health conditions, which were a

13  challenge unto themselves, and partly contributed to the offense conduct at issue, went undiagnosed

14  until 2018, when he was about 23 years old, many years after he had begun struggling with them. *Id.* ¶

15  52.

16       Despite those struggles, Mr. Magallon has demonstrated true emotional maturity when

17  confronting that difficult past—he acknowledges that his past has left him with trauma he must deal

18  with, and he further understands his ability to cope with it requires of him continued treatment and

19  counseling, *id.* ¶ 44, which he has been actively participating in recently.

20       Moreover, as demonstrated by the letters of support submitted by his family, attached here as

21  Exhibit A, Mr. Magallon fortunately benefits from family support that will ensure he remains on the

22  right path following the service of his sentence. His mother, Marcie Magallon, has committed to

23  supporting her son going forward, and is proud of the changes she has seen in him the last year. Ex. A,

24  Marcie Magallon Letter. So too, his aunt, Teresa Carbajal, notes the changes she has seen in Mr.

25  Magallon, which were facilitated by his participation in counseling. Ex. A, Teresa Carbajal Letter.

26       Section 3553(a)(1) also directs the Court to evaluate the nature and circumstances of the

27  offense. The facts of the instant case are straight-forward, and support the requested sentence: On

28  August 27, 2020, Mr. Magallon posted on Snapchat a photograph of a silver and black handgun. PSR ¶

7. On August 31, 2020, he posted a video on Snapchat depicting the same gun in his lap. *Id.* ¶ 9. A few days later, on September 5, Mr. Magallon again posted a photograph of the same firearm. *Id.* ¶ 10. On September 10, 2020, officers from the Salinas Police Department searched Mr. Magallon's home pursuant to a state search warrant, and located the silver and black handgun in a closet. *Id.* ¶¶ 12-14.

Important to note is that at the time of the offense conduct, Mr. Magallon was not receiving treatment for his mental health conditions, and was abusing alcohol—a combination that undoubtedly contributed to his execution of poor judgment resulting in the instant case. More important, however, is that he has since made positive strides toward self-improvement following his arrest. He has been participating in counseling and treatment, and has not been drinking or abusing any substances, which is reflected by his history of negative drug tests while on pretrial release. *Id.* ¶ 54.

Mr. Magallon has also demonstrated true and genuine acceptance of responsibility. He has performed well while on pretrial release, and during that time has "embraced participation in mental health treatment." *Id.* ¶ 4. As he wrote in his acceptance of responsibility statement, he has spent much time reflecting on his conduct in this case, is prepared to "face the consequences for [his] crime[,]" and plans to focus on his treatment going forward. *Id.* ¶ 18.

Mr. Magallon further respectfully submits that the restrictive conditions of his pretrial release—which included home detention, with a curfew allowing him to leave the home for only four hours every day[1]—with which he has successfully complied, further warrant the modest downward variance recommended by the parties here. And he has used that time productively—working on his treatment, reflecting on his past, spending time with his loved ones, and regularly exercising, going on one hike every day. *Id.* ¶ 48. In sum, Mr. Magallon has demonstrated not only genuine acceptance of responsibility, but also significant post-offense rehabilitation. Accordingly, he respectfully submits that 18 U.S.C. § 3553 warrants the requested sentence of twelve months and one day.

////

////

////

---

[1] On September 24, 2021, the magistrate court expanded this condition to six hours, following the parties' joint request. *See* ECF 31.

DEF. SENT. MEM.
*MAGALLON*, CR 21–78 EJD

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, Jason Magallon respectfully requests the Court impose the requested sentence.

Dated: November 23, 2021                          Respectfully submitted,

GEOFFREY A. HANSEN
Acting Federal Public Defender
Northern District of California

*/s/ Dejan M. Gantar*
DEJAN M. GANTAR
Assistant Federal Public Defender

# EXHIBIT A

My name is marcie Magallon I am Jason Magallon mother I am writing you this letter to let you know that I will be here to help Jason in any way that he needs. he is very smart and when he is done with sentence he wants to learn how to weld and become a professional welder. Jason has a lot of goals and dreams and now that he is able to get the help he needs he is going to be able to achieve those dreams. I will be with him every step of the way I love my son more than life itself and I want nothing more than to see him succeed. I am so proud of him for the changes that he has made in his life and he continues to make and learn how to live the right way. he's excited about the man he is becoming the new life he's going to live. My son suffers from schizophrenia the depression I have seen him go through kills my soul the helplessness and the hopelessness in him I think God that he is on the right track now I think you your honor for your time

*Marcie Magallon*

To whom this may concern l am writing this letter on behalf of Jason magallon. My name i Teresa carbajal l am Jason's aunt. Jason and l are very close and l have seen a change in Jason he is learning how to make better choices. He has suffered from schizophrenia since he was a young child and also depression it was heartbreaking watching him suffer the way that he did l'm thankful that he's getting the help that he needs in therapy l now see hope in him when there was none so l asked you today with a heavy heart please show my nephew compassion during his sentencing. l am involved with his doctors l make his appointment and Jason has expressed to me upon release he wants to continue getting help for himself and l will continue to be a support to him emotionally and physically thank you God bless

Teresa carbajal